IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTONIO BERNARD GONZALES,

                        Plaintiff,                          OPINION AND ORDER

        v.                                                  25-cv-207-wmc

JEREMIAH PHIPPS and
REBECCA YOUNG,

                        Defendant.

Plaintiff Antonio Gonzales, a prisoner at Columbia Correctional Institution ("Columbia") who is representing himself, claims that Corrections Officers Jeremiah Phipps and Rebecca Young incorrectly told their supervisor that plaintiff had harmed himself and urinated out the door of his cell.  Gonzales seeks leave to proceed without prepayment of the filing fee having already "struck out" while imprisoned under 28 U.S.C. § 1915(g) by filing three previous civil actions that were dismissed for failure to state a claim.  *See Gonzales v. Auth*, 15-cv-464, dkt. #8 (E.D. Wis.) (dismissed June 30, 2015); *Gonzales v. Dep't of Health Services*, 15-cv-465, dkt. #10 (E.D. Wis.) (dismissed June 30, 2015); *Gonzales v. Zinn*, 15-cv-598, dkt. #8 (E.D. Wis.) (dismissed July 23, 2015).  For the reasons explained below, plaintiff may not proceed without prepayment of the filing fee now, although the court will allow him until May 30, 2025, to either file an amended complaint alleging imminent danger of serious physical injury *or* pay the filing fee.

OPINION

Under § 1915(g), a prisoner is not allowed to proceed with another civil action in federal court without first paying the filing fee after three or more of his civil actions or

appeals have been dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. The sole exception to this three-strikes rule is if plaintiff's pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)).

Here, in yet another one-paragraph-long complaint, plaintiff claims only that Phipps and Young harassed him by incorrectly telling their supervisor that he had harmed himself and urinated out of his cell door. However, plaintiff has *not* alleged imminent physical injury. Thus, the court concludes that Gonzales is currently barred from proceeding without prepaying the full $405 filing fee.

Even so, the court will allow Gonzales 30 days to file an amended complaint explaining why defendants' alleged lies pose an imminent risk of physical injury *or* pay the $405 filing fee. If he pays the filing fee by the deadline below, the court will then screen his complaint under 28 U.S.C. § 1915A. If he does not amend his complaint to show an imminent risk of serious physical injury or pay the fee by the deadline, the court must dismiss this case.

ORDER

IT IS ORDERED that plaintiff may have until May 30, 2025, to either amend his

complaint or pay the $405 filing fee for this case. Otherwise, this case will be dismissed

without prejudice.

Entered this 30th day of April, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge