IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO BERNGARD GONZALES,

    Plaintiff,

v.

MS. WALKER,

    Defendant.

OPINION AND ORDER

25-cv-106-wmc

---

ANTONIO BERNGARD GONZALES,

    Plaintiff,

v.

JEREMIAH PHIPPS and
REBECCA YOUNG,

    Defendants.

OPINION AND ORDER

25-cv-207-wmc

---

ANTONIO BERNGARD GONZALES,

    Plaintiff,

v.

DOCTOR SCHMIDT, LT. LLOYD,
and SGT. XIONG,

    Defendants.

OPINION AND ORDER

25-cv-340-wmc

---

ANTONIO BERNGARD GONZALES,

    Plaintiff,

v.

SGT. ERIC LOSEE and
C.O. DIANA PANIAGUA,

    Defendant.

OPINION AND ORDER

25-cv-389-wmc

|  |  |
|---|---|
| ANTONIO BERNGARD GONZALES, | |
| Plaintiff, | OPINION AND ORDER |
| v. | 25-cv-580-wmc |
| LINDSAY WALKER and KATHY CASCADDEN, | |
| Defendants. | |

|  |  |
|---|---|
| ANTONIO BERNGARD GONZALES, | |
| Plaintiff, | OPINION AND ORDER |
| v. | 25-cv-675-wmc |
| RN ALANA ACKER, | |
| Defendant. | |

|  |  |
|---|---|
| ANTONIO BERNGARD GONZALES, | |
| Plaintiff, | OPINION AND ORDER |
| v. | 25-cv-676-wmc |
| AMBER DAVIS, CAPTAIN PITZEN, and DOCTOR MOOD, | |
| Defendants. | |

Plaintiff Antonio Gonzales, a prisoner at Columbia Correctional Institution ("Columbia") representing himself, currently has seven open cases pending in this court. Gonzales requests leave to proceed without prepayment of the filing fee after having already "struck out" under 28 U.S.C. § 1915(g) by filing three previous civil actions while imprisoned that were dismissed for failure to state a claim. *See Gonzales v. Auth*, Case No. 15-cv-464, dkt. #8 (E.D. Wis.) (dismissed June 30, 2015); *Gonzales v. Dep't of Health Services*, Case No. 15-cv-465, dkt. #10 (E.D. Wis.) (dismissed June 30, 2015); *Gonzales v. Zinn*, Case No. 15-cv-598, dkt. #8 (E.D. Wis.) (dismissed July 23, 2015). For the reasons explained below, plaintiff has adequately alleged that he faces imminent danger of serious physical harm in five cases. Of those cases, the court will allow him to proceed against defendants Dr. Schmidt, Lieutenant

2

Lloyd, and Sergeant Xiong in Case No. 25-cv-340-wmc. However, plaintiff does not state a claim in Case Nos. 25-cv-106-wmc, 25-cv-389-wmc, 25-cv-580-wmc, and 25-cv-676-wmc, so the court will dismiss those complaints without prejudice and allow him 30 days to file amended complaint(s). Finally, Gonzales' amended complaint in Case No. 25-cv-207-wmc and complaint in Case No. 25-cv-675-wmc do not allege imminent danger, so his request to proceed without prepayment of the filing fee in those cases will be denied. He will have until **October 20, 2025**, to pay the filing fee in Case No. 25-cv-207-wmc and to file an amended complaint in Case No. 25-cv-675-wmc.

OPINION

I. **Imminent Danger**

Under § 1915(g), a prisoner is not allowed to proceed with another civil action in federal court without first paying the filing fee after three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The sole exception to this three-strikes rule is if plaintiff's pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)).

Here, reading plaintiff's one-paragraph-long complaints together, plaintiff has alleged that he is in imminent danger in five cases. *First*, in the '106 case, plaintiff alleges that he is

3

transgender, and Lindsay Walker[1] refused to give him bras and panties because he is transgender, causing him to harm himself and be placed on observation. *Second*, in the '340 case, plaintiff alleges that Dr. Schmidt, Sergeant Xiong, and Lieutenant Lloyd saw him hitting his head on his cell door but did nothing. *Third*, in the '389 case, plaintiff alleges that Sergeant Eric Losee would issue him conduct reports, causing plaintiff to become depressed and cut himself. However, unidentified staff ignored his cutting and walked past his cell without calling for a supervisor. *Fourth*, in the '580 case, plaintiff alleges that he has been reporting an unspecified problem to Walker and Sergeant Cascadden, but he has been told that there is nothing that can be done, upsetting plaintiff and causing him psychological distress. Plaintiff further alleges that he has notified Dr. Schmidt, the Warden, the Security Director, Columbia County Sheriff's Office, and Captain Pitzen about the problem, but none of them resolved it. He alleges that he told Dr. Schmidt that he would kill himself if nothing was done to resolve the situation. *Fifth*, in the '676 case, plaintiff alleges that he is going on a hunger strike because prison officials will not transfer him to a different prison.

Reading these complaints together, the court understands plaintiff to allege that prison officials have neglected his mental health needs to the point that he is now on a hunger strike and is suicidal. Plaintiff may proceed in forma pauperis with those claims. Review of a trust account statement that plaintiff submitted in connection with a 2024 case shows that he qualifies as indigent and may proceed without prepayment of any portion of the filing fee. Case No. 24-cv-371-wmc, dkt. #3. The court will screen those claims under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A below.

---

[1] Plaintiff refers to this defendant as "Ms. Walker," and based on plaintiff's allegations in his other complaints, the court understands "Ms. Walker" to be Lindsay Walker.

However, plaintiff also brings claims in two other cases that do not meet the imminent-danger standard. In the '207 case, plaintiff alleges that Sergeant Philipps and Rebecca Young incorrectly told a supervisor that he had urinated out of his cell door and banged his head. He further alleges that, when he stood up and pulled up his pants, Sergeant Phillips slammed him down on a table and injured him. Next, in the '675 case, plaintiff alleges that prison staff took away his hearing aid batteries because he was swallowing them. These allegations do not allege imminent physical injury. Because the court has already dismissed a similar complaint in the '207 case, plaintiff may not proceed in forma pauperis with those claims, and may only proceed by prepaying the entire $405 filing fee. The court will allow him until **October 20, 2025**, to pay the entire $405 filing fee. If he pays the full filing fee, the court will screen his non-imminent danger claims under 28 U.S.C. § 1915A. The court will also allow plaintiff until **October 20, 2025**, to file an amended complaint alleging imminent danger in the '675 case.

## II.  Screening[2]

A prison official who displays "deliberate indifference" to a prisoner's "serious medical need" violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). "To state a claim for deliberate indifference for deficient medical care, the plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017) (quotation marks omitted). A credible threat of suicide or substantial self-harm are objectively serious medical conditions. *Lord v. Beahm*, 952 F.3d 902, 904-05 (7th Cir. 2020). A prison official is deliberately indifferent to a serious medical condition if he: (1) subjectively knew the prisoner was at substantial risk of suicide (or

---

[2] When screening a complaint filed by a self-represented litigant, the court views plaintiff's allegations in the light most favorable to him and draws all reasonable inference in his favor.

substantial self-harm); and (2) intentionally disregarded that risk. *Matos ex rel. Matos v. O'Sullivan*, 335 F.3d 553, 557 (7th Cir. 2003).

Here, plaintiff may proceed on Eighth Amendment deliberate indifference claims in the '340 case against Dr. Schmidt, Sergeant Xiong, and Lieutenant Lloyd for allegedly ignoring plaintiff banging his head against a cell door. However, plaintiff may not proceed with any other claims. *First*, in the '106 case, plaintiff alleges that Walker refused to give him a bra and panties, but he does not allege that she was aware that he had a serious medical condition that required a bra and panties much less that she was deliberately indifferent to that condition. *Second*, in the '389 case, plaintiff does not state a claim for deliberate indifference against Losee when he only alleges that Losee issued him conduct reports, and he does not allege who ignored him cutting himself.[3] *Third*, in the '580 case, plaintiff alleges that he reported an unspecified problem to Walker and Sergeant Cascadden who told him that they could not resolve it, causing plaintiff to become suicidal, but since he alleges no information about what the problem was, he may not proceed against those defendants either. *Fourth*, in the '676 case, plaintiff does not allege what any of the listed defendants (Amber Davis, Captain Pitzen, and Doctor Mood) did to violate his rights. *See Pearson v. Manlove*, No. 20-CV-487-WMC, 2021 WL 1966601, at *3 (W.D. Wis. May 17, 2021) (42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation). Thus, the complaints in Case Nos. **25-cv-106, 25-cv-389, 25-cv-580, and 25-cv-676** will be dismissed for failure to state a claim.

The Seventh Circuit has cautioned against dismissing a self-represented plaintiff's case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632,

---

[3] Plaintiff also listed Officer Diana Paniagua as a defendant in '389 case, but he does not allege what she did to violate his rights.

6

636 (7th Cir. 2016). Accordingly, the court will allow plaintiff until **October 20, 2025**, to file amended complaints **in Case Nos. 25-cv-106, 25-cv-389, 25-cv-580, and 25-cv-676** with amended allegations against those defendants. If, in any of those cases, plaintiff does not file an amended complaint by the **October 20, 2025** deadline, the court will dismiss that case without prejudice.

Finally, in drafting amended complaints, Gonzales should draft each complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him. Gonzales should set forth his allegations in separate, numbered paragraphs using short and plain statements.

## ORDER

IT IS ORDERED that:

1) It is ordered that plaintiff Antonio Gonzales is GRANTED leave to proceed on Eighth Amendment deliberate indifference claims against Dr. Schmidt, Sergeant Xiong, and Lieutenant Lloyd in Case No. 25-cv-340-wmc.

2) Plaintiff is DENIED leave to proceed on any other claims.

3) The complaints in Case Nos.: 25-cv-106 (dkt. #6), 25-cv-389 (dkt. #1), 25-cv-580 (dkt. #1), and 25-cv-676 (dkt. #1) are DISMISSED without prejudice. Plaintiff may have until **October 20, 2025**, to file amended complaints in those cases. If, in any of those cases, plaintiff fails to respond by the deadline, the court will dismiss that case without prejudice.

4) Plaintiff's request to proceed without prepayment of the filing fee (dkt. #2) in Case No. 25-cv-207, is DENIED under 28 U.S.C. § 1915(g). Plaintiff may have until **October 20, 2025**, to pay the $405 filing fee for that case. Otherwise, that case will be dismissed without prejudice.

5) Plaintiff's request to proceed without prepayment of the filing fee (dkt. #2) in Case No. 25-cv-675, is DENIED under 28 U.S.C. § 1915(g). Plaintiff may have until **October 20, 2025**, to file an amended complaint alleging imminent danger. Otherwise, that case will be dismissed without prejudice.

6) Pursuant to an informal service agreement between the Wisconsin Department of

Justice and this court, copies of plaintiff's complaint in Case No. 25-cv-340-wmc and this order are being sent today to the Attorney General for service on defendants Dr. Schmidt, Sergeant Xiong, and Lieutenant Lloyd. Under the agreement, the Department of Justice will have 60 days from the date of the Notice of Electronic Filing in this order to answer or otherwise plead to plaintiff's complaint if it accepts service for defendants.

7) For the time being, plaintiff must send defendants in Case No. 25-cv-340-wmc a copy of every paper or document he files with the court. Once plaintiff has learned what lawyer will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendants or their attorney.

8) Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

9) If plaintiff is transferred or released while this case is pending, it is his obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his case may be dismissed for failure to prosecute.

Entered this 24th day of September, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge